UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

JASON DEAN BORDEN                                                          PLAINTIFF

v.                                        CIVIL ACTION NO. 1:09CV-P114-R

LINDA DIXON BULLOCK                                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Jason Dean Borden, proceeding *pro se* and *in forma pauperis*, filed the initiating document for this case on a motion form seeking injunctive relief against Defendant Linda Dixon Bullock (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff states that Defendant Bullock is employed by the Department of Public Advocacy (DPA). He alleges that she has a conflict of interest as his counsel based on a state court suit against her and other civil actions he has pursued against DPA Directors Rene Tuck and Gregory Berry. He alleges that she has refused to attack these officials and has prejudiced him by refusing to supplement writs of habeas corpus and declaratory judgments and that she has refused to withdraw as his counsel. He requests an order to protect to protect his Sixth Amendment rights and granting all other relief to which he is entitled.

**II. ANALYSIS**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff does not state a claim against Defendant Bullock under 42 U.S.C. § 1983, the statutory provision under which alleged constitutional violations must be brought. *See Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) (holding that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government), *vacated on other grounds*, 488 U.S. 1036 (1989). Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Thus, § 1983 allegations against Defendant Bullock fail to state a cognizable § 1983 claim.

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action for failure to state a claim.

Date:

cc: Plaintiff, *pro se*
    Defendant
4413.009